UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TODD D'ARCY SWEAT,

    Petitioner,

v.

HOLLAND, Warden,

    Respondent.

Case No. 14-cv-01371-JCS (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions.[1] The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

Respondent shall file an answer or dispositive motion in response to the habeas petition on or before October 20, 2014, unless an extension is granted. **The petition may be untimely. Petitioner was sentenced in 2004 and the instant petition was filed ten**

---

[1] Petitioner has consented to magistrate judge jurisdiction. The magistrate, then, has jurisdiction to issue this order, even though respondents have not been served or consented to magistrate jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties).

**years later, in 2014. Respondent is directed to consider first whether a motion to dismiss on grounds of untimeliness is the most appropriate first response to the petition. If he so concludes, he may file a motion to dismiss, though he is not required to do so.**

## BACKGROUND

According to the petition, in 2004, a Santa Clara County Superior Court jury convicted petitioner of second degree robbery, false imprisonment, and possession of a firearm by a felon. He received a sentence of 26 years in state prison.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that appellate counsel rendered ineffective assistance. When liberally construed, this claim is cognizable on federal habeas review.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within ninety (90) days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

1   not be granted based on petitioner's cognizable claims. Respondent shall file with the
2   answer and serve on petitioner a copy of all portions of the state trial record that previously
3   have been transcribed and that are relevant to a determination of the issues presented by
4   the petition.

5       3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse
6   with the Court and serving it on respondent's counsel within thirty (30) days of the date the
7   answer is filed.

8       4. In lieu of an answer, respondent may file, within ninety (90) days of the date this
9   order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory
10  Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent
11  files such a motion, petitioner shall file with the Court and serve on respondent an
12  opposition or statement of non-opposition within thirty (30) days of the date the motion is
13  filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen
14  (15) days of the date any opposition is filed.

15      5. Petitioner is reminded that all communications with the Court must be served on
16  respondent by mailing a true copy of the document to respondent's counsel.

17      6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the
18  Court and respondent informed of any change of address and must comply with the
19  Court's orders in a timely fashion. Failure to do so may result in the dismissal of this
20  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

21      7. Upon a showing of good cause, requests for a reasonable extension of time will
22  be granted provided they are filed on or before the deadline they seek to extend.

23      8. Petitioner's motion to proceed *in forma pauperis* (Docket Nos. 2 and 7) is
24  GRANTED.

25      9. Petitioner's motion for the appointment of counsel (Docket No. 3) is DENIED
26  without prejudice. There is no right to counsel in habeas corpus actions. *See Knaubert v.*
27  *Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). A district court is authorized under 18
28  U.S.C. § 3006A (a)(2)(B) to appoint counsel to represent a habeas petitioner whenever

3

1  "the court determines that the interests of justice so require" and such person is financially
2  unable to obtain representation.  The decision to appoint counsel is within the discretion of
3  the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be
4  granted only when exceptional circumstances are present.  *See* generally 1 J. Liebman &
5  R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994).
6  Petitioner has not shown that there are exceptional circumstances warranting the
7  appointment of counsel.

   10.  The Clerk shall terminate Docket Nos. 2, 3 and 7.

   **IT IS SO ORDERED.**

**Dated:**  July 18, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TODD D'ARCY SWEAT,

    Plaintiff,

  v.

HOLLAND,

    Defendant.

Case No.  14-cv-01371-JCS

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on 7/18/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Todd D'Arcy Sweat
California Correctional Institution B-8-A109
P.O. Box 1906
Tehachapi, CA 93581

Dated: 7/18/2014

Richard W. Wieking
Clerk, United States District Court

By:_____
Karen Hom, Deputy Clerk to the
Honorable JOSEPH C. SPERO