UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TODD D'ARCY SWEAT,

Petitioner,

v.

SUZANNE M. PEERY, Acting Warden,[1]

Respondent.

Case No.  14-cv-01371-YGR (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION; AND DENYING CERTIFICATE OF APPEALABILITY**

## I.    INTRODUCTION

Petitioner Todd D'Arcy Sweat, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging a claim of ineffective assistance of counsel ("IAC") relating to his retained appellate counsel, Kurt K. Robinson, Esq., for failure to provide Petitioner "with transcripts and trial file of [his] criminal case." Dkt. 1 at 6.  Before the Court is Respondent's motion to dismiss the instant petition (1) for failure to state a claim upon which habeas relief may be granted pursuant to Rule 4 of the Rules Governing § 2254 Cases[2]; and (2) as untimely under 28 U.S.C. § 2244(d).

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition.

_____

[1] Suzanne M. Peery, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure are not appropriate in habeas cases.  *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 269 n.14 (1978).  However, Rule 4 of the Rules Governing Section 2254 in the United States District Courts "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated."  *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983); *see also White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir.1989) (meritorious motions to dismiss are permitted by Rule 4).  Thus a motion to dismiss on grounds that, as a matter of law, the facts alleged in a petition do not entitle the petitioner to habeas relief may be entertained as a request for summary dismissal under Rule 4.  *Obremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Here, Respondent has specified the authority for the motion to dismiss as having been brought under Rule 4, and has requested for the petition to be dismissed with prejudice.  Dkt. 21 at 4; *see* Rule 4, Rules Governing § 2254 Cases.

## II.    BACKGROUND

In 2004, Petitioner and his co-defendants, Willie Pepe Lewis and Karl Wayne Landry, were convicted of crimes related to a robbery of a Holiday Inn in San Jose that occurred on January 18, 2002.  Dkt. 21-1 at 2.  A Santa Clara County jury found Petitioner guilty of second degree robbery, false imprisonment and firearm possession by a felon, and found true the allegation that he committed the crimes in association with a criminal street gang.[3]  *Id.* at 2, 7.  The trial court found true the allegations that Petitioner used a firearm during the robbery as well as the false imprisonment, and that he suffered a prior prison term.  *Id.* at 7.  On June 16, 2004, the trial court sentenced Petitioner to twenty-six years in state prison.  *Id.*

Thereafter, Petitioner appealed his conviction, and his mother retained Attorney Robinson as Petitioner's appellate counsel.  *Id.* at 46.  Sometime in 2006, Petitioner claims that he discovered Attorney Robinson filed an opening brief in the state appellate court that "did not comply with basic rules."  *Id.* at 41.  Petitioner claims he "advised Mr. Robinson that [he] was firing him . . . ."  *Id.*  On October 13, 2006, Petitioner claims that Attorney Robinson only provided him with "a portion of [his] appellate record," including "one Clerk's Augmented Transcript on appeal consisting of 263 pages and five Reporter's Augmented Transcript[s] of voir dire consisting of 536 pages."  *Id.*; Dkt. 1 at 37.  Petitioner claims that Attorney Robinson was "unable to provide the remaining transcripts."  Dkt. 21-1 at 41.

On October 24, 2006, Petitioner filed a motion in the state appellate court to have Attorney Robinson removed as retained counsel, to strike the opening brief, and to appoint counsel.  *Id.*  On December 21, 2006, Petitioner requested that the state appellate court rule on his motion.  *Id.*  On April 3, 2007, the state appellate court denied Petitioner's motion.  *Id.*  On April 16, 2007, Petitioner filed a renewed motion stating that he "wanted to file a supplemental opening brief raising an issue pertaining to the *Cunningham*[4] case" and that he wanted to remove Attorney

---

[3] Co-Defendants Lewis and Landry, who were tried together with Petitioner, were also convicted of all charges filed against them in relation to the robbery. Dkt. 21-1 at 2.  A fourth defendant, Lorenzo Fosselman, was also implicated in the robbery, and his case was resolved separately.  *Id.*

[4] The Court assumes Petitioner is referring to *Cunningham v. California*, 549 U.S. 270 (2007).

United States District Court
Northern District of California

1    Robinson as his retained appellate counsel. *Id.* On April 18, 2007, the state appellate court denied

2    Petitioner's aforementioned motion.[5] *Id.* at 54.  On May 20, 2007, Petitioner filed a *pro se*

3    petition for review in the California Supreme Court, again seeking removal of his retained

4    appellate counsel. *Id.* at 34-56.  On June 27, 2007, the state supreme court denied review.  Dkt.

5    21-2 at 2.

6          On July 17, 2007, in a comprehensive opinion, the California Court of Appeal affirmed the

7    conviction as to Petitioner and co-defendant Lewis, but reversed co-defendant Landry's

8    conviction.  Dkt. 21-1 at 23.  The record does not show unambiguously whether Petitioner sought

9    review of the state appellate court's decision affirming his conviction.[6]

10          On October 17, 2008, Petitioner initiated his first federal action, Case No. C 08-4785

11   MMC (PR), by filing a document entitled, "Motion for Order Extending Time and Also Court

12   Order Appointing [sic] Transcripts, Discovery."  *See* Dkt. 1 in Case No. C 08-4785 MMC (PR).

13   On November 17, 2008, in reviewing the motion, the Honorable Maxine M. Chesney stated as

14   follows:

15          In said motion, petitioner, who has not yet exhausted his state court
16          remedies with respect to his challenge to his underlying criminal
             conviction, asks the Court to order his state appellate counsel to
17          provide petitioner with his trial transcripts and other documents
             necessary for petitioner to seek further state collateral relief.
18          Additionally, petitioner asks the Court to grant him a one-year
             extension of the deadline, imposed by the applicable statute of
19          limitations for federal habeas petitions, with respect to a federal
             habeas petition he wishes to file in the future.

20   Dkt. 6 at 1 in Case No. C 08-4785 MMC (PR).  Judge Chesney denied Petitioner's motion and

21   dismissed that action for lack of subject matter jurisdiction, stating as follows:

22          Article III, Section 2 of the United States Constitution
23          restricts adjudication in federal courts to "Cases" and
             "Controversies."  *See Valley Forge Christian College v. Americans*

24   ────────────────
25   [5] Petitioner claims the state appellate court allowed Attorney Robinson to file a
     "supplemental brief on the one issue which [Petitioner] asserted in the renewed motion"; however,
26   Petitioner claims that such a filing "d[id] not cure the problem that [he] was denied counsel for
     many months . . . and that [he had] been unable to have counsel appointed who could review the
27   record, consider additional issues, and act accordingly."  Dkt. 21-2 at 42.
     [6] Respondent claims that Petitioner did not seek review in the California Supreme Court.
28   Dkt. 21 at 2.  However, the record shows that Petitioner claims that he *did* seek such review, and
     that his petition for review was denied on an "unknown" date.  Dkt. 21-2 at 42.

3

*United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  In the absence of an actual petition for a writ of habeas corpus, there is no case or controversy for the Court to adjudicate. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001).  Here, petitioner asks the Court to order his state appellate counsel to provide him with documents necessary to filing state collateral proceedings, and to determine in advance that any future federal habeas petition that petitioner files will not be time-barred.  In the absence of a properly-filed habeas petition, neither of petitioner's requests present a justiciable controversy on which this Court can rule.

Although, in some instances, a motion may be construed to be a petition for a writ of habeas corpus, *see id.* at 83-84, petitioner here has not alleged any grounds for such relief, and indeed it is clear that he is not asking for relief from his conviction at this time, but rather from the statute of limitations.[7]  Additionally, it is clear from petitioner's filings in the instant matter that he has not yet exhausted his state court remedies and does not intend to file a federal habeas petition at this time.  Further, under such circumstances, any petition filed by petitioner would be subject to dismissal as unexhausted.  *See Rose v. Lundy*[,] 455 U.S. 509, 510 (1982) (holding unexhausted petition must be dismissed).

Dkt. 6 at 2 (footnote renumbered).  The November 17, 2008 dismissal was "without prejudice to petitioner's filing a petition for a writ of habeas corpus once he has exhausted state remedies."  *Id.* at 3.

Over five months later, on April 21, 2009, Petitioner "tried to obtain [his] transcripts by filing a complaint" against Attorney Robinson, and he "wrote to the State Bar of California with a complaint about counsel's actions."  Dkt. 1 at 7, 15.  In a letter dated May 11, 2009, the State Bar responded and informed Petitioner that it had "advised [Attorney Robinson] to contact [Petitioner] within ten (10) working days from the date of this letter, regarding the availability of [Petitioner's] client file."  *Id.* at 17.  The May 11, 2009 letter further instructed Petitioner to "recontact the State Bar" "[s]hould [his] attorney fail to contact [him] within the specified time."  *Id.*  The State Bar then "closed" his complaint "without prejudice."  *Id.*

On May 19, 2009, Petitioner wrote a letter to Attorney Robinson requesting the "court transcripts and trial file."  *Id.* at 20.

Petitioner claims that Attorney Robinson did not respond to his May 19, 2009 letter, nor

_____

[7] At such time as he files a petition for a writ of habeas corpus, petitioner may, of course, raise any applicable grounds for relief from the statute of limitations.

4

did Attorney Robinson comply with the State Bar's instructions during the aforementioned time limitations. *Id.* at 7. Because Attorney Robinson did not contact Petitioner by May 26, 2009, Petitioner wrote another letter to the State Bar on that date. *Id.* at 23. Petitioner claims the State Bar did not reply to his May 26, 2009 letter. *Id.* at 7.

Thereafter, the record shows that over a period of seven months, Petitioner began making attempts to seek state court intervention in order to retrieve his trial transcripts from Attorney Robinson. *Id.* at 7, 25-28, 30; Dkt. 21-2 at 13.

On November 15, 2010, the Santa Clara County Superior Court denied Petitioner's "request for the Court to obtain trial transcripts from his [appellate] attorney." Dkts. 1 at 30; 21-2 at 13. The state superior court further noted that the denial was "for the same reasons expressed in the prior orders," which was that "Petitioner had failed to demonstrate he exhausted obtaining the transcripts through the State Bar." *Id.*

On January 28, 2011, Petitioner filed a state habeas petition in the California Court of Appeal, alleging "ineffective assistance of appellate counsel." Dkt. 21-2 at 4, 12. The record does not contain the state appellate court petition; therefore the basis of Petitioner's IAC claim is unclear. On February 8, 2011, the state appellate court denied the petition. *Id.*

On March 3, 2011, Petitioner filed a state habeas petition in the California Supreme Court, alleging an IAC claim against Attorney Robinson based on counsel's failure to send him his trial transcripts. *Id.* at 6-32. On August 10, 2011, the state supreme court denied the petition. *Id.* at 34.

On March 7, 2012, Petitioner filed a second state habeas petition in the California Supreme Court, again alleging the same IAC claim. *Id.* at 36-65. On June 13, 2012, the state supreme court denied his second state habeas petition. *Id.* at 67.

Over twenty-one months later, on March 25, 2014, Petitioner filed his federal habeas petition in this Court. Dkt. 1. His petition asserts the same IAC claim that he had asserted in his two state supreme court habeas petitions. *Id.* at 6-8. Specifically, Petitioner only contends that Attorney Robinson failed to send him his "[trial] transcripts and trial file" and prevented him from "filing a successful Writ/Petition on any Constitutional grounds, to any state or federal court(s)."

United States District Court
Northern District of California

5

*Id.* at 6-7.  Petitioner does not seek relief from his conviction, but instead states that he "prays the Court enter judgment granting [him]:"

> [1] appointment [sic] of transcripts and all relevant documents to Petitioner's case[;]
> [2] appointment of counsel due to Petitioner's limited knowledge of the law[;]
> [3] appointment of evidentiary hearing[; and]
> [4] any additional relief this Court deems just, proper, and equitable.

*Id.* at 9.

Respondent now moves to dismiss on the grounds that (a) Petitioner's IAC claim is not cognizable in a federal habeas proceeding because it does not attack his underlying conviction; and (b) the claim is untimely.  Dkt. 21.  Petitioner's two-page opposition to the motion argues solely that Respondent's arguments are flawed based on the notion that the instant petition should be heard "on the merits."  Dkt. 28 at 2.  Notably, Petitioner never challenges the legality of his conviction or identifies any issue upon which he believes his incarceration has resulted in a constitutional violation, even without the transcript and trial file in hand.  Respondent filed a reply, which reiterated, among other arguments, that Petitioner "has never actually challenged the constitutionality of his conviction; rather, in his state and federal habeas petitions, [he] has claimed only that appellate counsel rendered ineffective assistance by failing to provide him with a complete set of trial transcripts."  Dkt. 29 at 4.

## III.    DISCUSSION

### A.    Legal Framework

A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus *only* on the ground that she is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  In other words, "it is only noncompliance with <u>federal</u> law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (emphasis in original).  The Supreme Court has repeatedly held that federal habeas relief is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  *See Swarthout v. Cooke*, 131 S. Ct. 859, 861 62 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle v. Isaac*, 456 U.S. 107, 119 (1982).

Errors in the state post-conviction review process *are not* addressable through federal habeas corpus proceedings.  *See Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997); *Villafuerte v. Stewart*, 111 F.3d 616, 632 n.7 (9th Cir. 1997); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986).  Such errors do not generally represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief.   They instead generally pertain to the review process itself and not to the constitutionality of a state conviction.  *See, e.g.*, 28 U.S.C. § 2254(i) (claims of ineffective assistance of state or federal post-conviction counsel not cognizable on federal habeas review); *Franzen*, 877 F.2d at 26 (delay in state habeas proceeding not addressable in federal habeas); *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987) (denial of hearing on state collateral proceedings not addressable in federal habeas); *see also Application of Gordon*, 157 F.2d 659, 660 (9th Cir. 1946) (allegation that state court decided appeal improperly not enough to state claim in federal habeas).

The rule that federal habeas courts cannot address errors in the state post-conviction procedure (such as a state habeas proceeding) may appear confusing at first, especially in light of the fact that federal habeas courts routinely entertain claims that were presented in state court in a state habeas petition.  The critical dividing point for determining whether the claim is barred by the rule in the preceding paragraph is whether the claim is of a constitutional violation at the underlying trial *or* of an alleged constitutional violation in the state habeas proceedings.  In a federal habeas action, the former can be entertained but the latter cannot.  Although claims may arrive in a federal habeas court after having been presented to state courts in state habeas petitions, the federal court can entertain only those claims that pertain to the trial and not to the state habeas proceeding.

### B.    Application To This Case

Based on the foregoing, in the present case, the Court must determine whether Petitioner's IAC claim pertains to a violation in the trial proceedings or not.

The Sixth Amendment right to effective assistance of counsel encompasses the right to effective assistance of appellate counsel.  *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Smith v.*

*Robbins*, 528 U.S. 259, 285-86 (2000).  Here, Petitioner has raised an IAC claim, however, he does not specifically identify any dereliction by his appellate counsel, Attorney Robinson, as it relates specifically to Petitioner's direct appeal.  Petitioner only contends that his appellate attorney failed to send him his trial transcripts and trial file so that he could use them in preparing his state and federal habeas petitions.  Dkt. 1 at 6-7.

The Court agrees that appellate counsel's failure to send Petitioner the trial transcripts and trial file is unacceptable.  However, that failure is not pertinent to the legality of Petitioner's *conviction*.  Rather, it is only pertinent to the prosecution of his *post-conviction* proceedings, including his state habeas proceedings and this federal habeas action.  The failure to provide Petitioner with transcripts and his file does not constitute grounds for federal habeas relief.  *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.")

Accordingly, Petitioner's IAC claim as set forth in his petition does not warrant federal habeas relief.  The Court GRANTS Respondent's motion to dismiss the petition—containing Petitioner's sole IAC claim—for failure to state a claim upon which federal habeas relief may be granted, and the petition is DISMISSED with prejudice.[8]

## IV.   **CERTIFICATE OF APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.  <u>See</u> Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective Dec. 1, 2009).  For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

---

[8] The Court's dismissal of the instant petition for failure to state a claim upon which federal habeas relief may be granted obviates the need to address Respondent's alternative argument that the petition is untimely.

**V.**   **CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.      Respondent's motion to dismiss the petition for failure to state a claim upon which federal habeas relief may be granted (dkt. 21) is GRANTED, and the petition is DISMISSED with prejudice under Rule 4 of the Rules Governing § 2254 Cases.

2.      A certificate of appealability is DENIED.  Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

3.      Suzanne M. Peery, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

4.      The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

5.      This Order terminates Docket No. 21.

IT IS SO ORDERED.

Dated:  August 20, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge